## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| OSWALDO CRUZ, MARY MARTHA LITTLEJOHN, ROBERT GREG WINN, and RANDALL S. PRESTON, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LAWSON SOFTWARE, INC., LAWSON SOFTWARE AMERICAS, INC.,<br><br>Defendants. | Case No.: 08-5900 (MJD/JSM)<br><br>STIPULATION OF THE PARTIES FOR CONFIDENTIALITY AND PROTECTIVE ORDER |

WHEREAS, Plaintiff Oswaldo Cruz, Mary Martha Littlejohn, Robert Greg Winn, Randall S. Preston, and all additional Plaintiffs ("Plaintiffs") and Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. ("Defendants") (Plaintiffs and Defendants are collectively "the Parties") acknowledge that discovery in this action will include documents and information which are sensitive, confidential or proprietary in nature;

WHEREAS, the Parties wish to protect the confidentiality of such documents and information as well as to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

WHEREAS, it is the intent of the Parties in entering into this stipulation to protect the documents and information from use in any way other than use in this litigation;

WHEREAS, documents and information will be exchanged between and among counsel and the Parties and non-parties as a result of the entry of this agreement which

MPLS-Word 202088.1

would not have been exchanged and/or which might have been subject to court proceedings regarding objections but for this agreement; and

WHEREAS, all documents produced in this proceeding by the Parties will be produced in accordance with this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by counsel for the Parties and the Parties, as follows:

1. (a) This Confidentiality Stipulation ("Stipulation") governs the handling of all documents, testimony, and other information, including all copies, excerpts and summaries thereof (collectively, "Material") of the documents identified in paragraph 2.

(b) The provisions of this Stipulation shall apply to (i) the Parties to the Litigation, and (ii) any other person receiving, producing or disclosing Material in this Litigation who agrees in writing to be bound by the terms of this Stipulation. As used herein, "person" includes the named parties to the Litigation, including all employees and principals of such parties, non-party witnesses in the Litigation and others who have agreed to be bound by this Stipulation pursuant to paragraph 4, including expert witnesses retained by the Parties or their counsel of record.

(c) This Stipulation shall not apply to any document, testimony,, or other information which (i) is already rightfully in a party's possession and not disclosed by inadvertence prior to the execution of this Stipulation, or (ii) becomes or is generally available to the public other than as a result of disclosure in violation of this Stipulation, or (iii) becomes available to one of the Parties other than through discovery in the Litigation.

(d) Material may be designated as Confidential Material if:

(i) it reveals information that a reasonable person would agree would regard as proprietary or a trade secret; or

(ii) contains confidential medical information or medical records, confidential personnel information, sensitive business information, or information that a reasonable person would regard as private.

2. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of preparing for and conducting the Litigation (including any appeals), and not for any other purpose whatsoever, including, without limitation, any business or commercial purpose, and shall not be given, shown, made available or communicated in any way to anyone except those specified respectively in subparagraph (b) below to whom it is necessary that such Material be given or shown for the exclusive purposes permitted under this paragraph.

(b) Confidential Material, including all copies or facsimiles thereof, may be disclosed, for the exclusive purposes set forth above and only to the extent a legitimate reason exists for disclosure, only to:

(i) the Parties to the Litigation;

(ii) counsel of record for the Parties to the Litigation and attorneys, clerical, paralegal and other staff employed by such counsel, and outside vendors such as copying or scanning services that are assisting

in the conduct of this Litigation and for no other purposes (collectively, "Counsel of Record");

 (iii) fact witnesses in the Litigation;

 (iv) such expert witnesses of the Parties, as counsel, in good faith requires to provide assistance in the conduct of this litigation;

 (v) the Court and court reporters employed in connection with this Litigation; and

 (vi) any other person that the Parties agree to in advance in writing.

3. Each person, excluding Counsel of Record, the Court, and court reporters, prior to being given access to Confidential Material, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of the Stipulation (by use of the Confidential material for purposes other than conducting this Litigation) may subject the violator to penalties. It shall be the responsibility of counsel for the Parties, whoever is providing such access, to provide to each person a copy of this Stipulation and each such person shall, prior to disclosure of Confidential Material, execute a certificate in the form attached as Exhibit A hereto agreeing to maintain the confidentiality of the Confidential Material disclosed to that person. The party providing access, or its counsel, shall be responsible for holding executed certificates.

4. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production;

(b) In the case of deposition testimony, each of the Parties shall designate as confidential those portions of any deposition testimony that it or they believe(s) to be confidential within twenty (20) days of its receipt from the court reporter of the transcript of the deposition. The entirety of the transcript and testimony shall be treated as confidential until twenty (20) days have elapsed from the Parties' receipt of the transcript from the court reporter; and

(c) All pleadings, briefs or other materials filed or sent to the Court which incorporate or disclose Confidential Material shall be labeled "Confidential – Subject to Confidentiality Stipulation" (or a similar designation) and the party filing them shall request that they be filed under seal, and remain under seal until the Court orders otherwise.

(d) All conversations and discussions and resolutions taking place during mediations shall be considered "Confidential", and shall not be disclosed to anyone other than any of the Parties or counsel to this matter.

(e) If a party to the Litigation believes in good faith that the confidentiality interest of any person will likely be injured by disclosure to anyone other than Counsel of Record or the Court of any Confidential Material that it produces, it may designate such Confidential Material as " CONFIDENTIAL - ATTORNEYS EYES ONLY." Confidential Material designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" may not be disclosed to anyone other than Counsel of Record or the Court until

such time as the Court determines whether the particular document or information should be subject to any broader disclosure.

5. (a) None of the Parties concede that any Material designated by an other party as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material and entering into this Stipulation shall not prejudice, in any way, the right of one of the Parties to seek at any time a determination by the Court of whether any particular document or information should be subject to the terms of this Stipulation.

(b) The Parties shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If one of the Parties challenges such designation, that party shall send or give notice to the designating party, and they shall attempt to resolve any challenge in good faith on an informal basis. If the challenge cannot be informally resolved, either the designating party or the challenging party may, on reasonable notice, apply for appropriate ruling(s) from the Court. It shall be the burden of the designating party to justify the Confidential designation. The designated Material at issue shall continue to be treated as Confidential until the Court orders otherwise.

6. This Stipulation, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Litigation, including any appeals. At the conclusion of the Litigation, including all appeals or the running of the appropriate period for filing of an appeal, all documents, or other information or material designated as "Confidential," all copies thereof and all

documents reflecting same shall be promptly returned by the receiving party to the producing party or destroyed, with notice sent to the producing party indicating the method and date of the destruction. All briefs, pleadings or other filings with the Court which incorporate or disclose confidential Material may remain in the possession of the Parties or their respective counsel and need not be destroyed, but shall not be made available to any party and shall remain subject to the terms and conditions of this Stipulation.

7. Subject to the Federal Rules of Civil Procedure, Confidential Material may be presented to the Court, or offered in evidence, at any Court proceeding, but the designating party may move the Court for an order that the Confidential Material be received by the Court under conditions to limit its disclosure.

8. Any of the Parties may move the Court, after notice to all other parties to this Stipulation, to modify or grant relief from any provision of this Stipulation. It shall be the burden of the moving party to justify the requested modification or other relief, except as provided in paragraph 5.

9. The execution of this Stipulation by the parties shall not constitute a waiver of any rights or remedies available to them, or to Lawson's current or former employees, at law or in equity based upon a breach of this Stipulation by a party. Instead, all such rights are expressly reserved.

Dated: April 7, 2009.                    FELHABER, LARSON, FENLON & VOGT, P.A.


By:   s/ Brian T. Benkstein
      Sara Gullickson McGrane, #233213
      Ruth S. Marcott, #176825
      Brian T. Benkstein, #325545
      220 South Sixth Street, Suite 2200
      Minneapolis, MN 55402
      (612)339-6321
      (612)338-0535 (facsimile)
      smcgrane@felhaber.com
      rmarcott@felhaber.com

ATTORNEYS FOR DEFENDANTS
LAWSON SOFTWARE, INC. AND
LAWSON SOFTWARE AMERICAS, INC.


Dated: April 3, 2009.                    HALUNEN & ASSOCIATES


By:   s/ Christine E. Webber
      Clayton D. Halunen, #219721
      Charles V. Firth, #0257825
      220 South Sixth Street, Suite 2000
      Minneapolis, MN 55402
      (612) 605-4098
      (612) 605-4099 (Facsimile)

*And*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
      Christine E. Webber, *pro hac vice*
      1100 New York Ave., NW
      Suite 500
      Washington, DC 20005
      (202) 408-4600
      (202) 408-4699 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

OSWALDO CRUZ,
MARY MARTHA LITTLEJOHN,
ROBERT GREG WINN, and
RANDALL S. PRESTON,
on behalf of themselves and a
class of those similarly situated,

    Plaintiffs,

-against-

LAWSON SOFTWARE, INC.,
LAWSON SOFTWARE AMERICAS, INC.,

    Defendants.

Case No.: 08-5900 (MJD/JSM)

**CONFIDENTIALITY STIPULATION**

---

EXHIBIT A

ACKNOWLEDGEMENT

I, _____, do hereby certify that I have been provided with a copy of the Confidentiality Stipulation in the matter captioned that I have reviewed the Stipulation, and that I agree to be bound by the terms and conditions set forth therein.

                                                  _____
                                                  Name

                                                  Dated: _____, 2008

Witness: _____

Dated: _____