## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Oswaldo Cruz, et al., | Civil No. 08-5900 (MJD/JSM) |
| Plaintiffs, | |
| vs. | ANSWER AND DEFENSES AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT |
| Lawson Software, Inc., et al., | |
| Defendants. | |

Defendants, Lawson Software, Inc. and Lawson Software Americas, Inc. (hereinafter collectively "Lawson" or "Defendant"), for its Answer to Plaintiffs' Second Amended Collective and Class Action Complaint, admit, deny and allege as follows:

1.  Except as otherwise specifically admitted, clarified, or qualifiedly admitted, Lawson denies each and every allegation in Plaintiffs' Second Amended Collective and Class Action Complaint.

2.  With respect to the allegations in Paragraphs 1, 2 and 3, the paragraphs contain jurisdictional and venue allegations that are neither properly admitted nor denied. To the extent they are construed to contain allegations of fact, they are denied.

3.  Paragraph 4 contains a legal conclusion, not factual allegations, which is neither properly admitted nor denied. To the extent it is deemed to contain factual allegations, the paragraph is denied.

4.  Defendant denies the allegations contained in Paragraph 5.

5. With respect to Paragraph 6, Defendant admits only that Oswaldo Cruz was employed by Defendant Lawson as a Systems Consultant from approximately April 2001 to November 2008. Defendant is without sufficient information to admit or deny where Plaintiff Cruz currently resides (his Lawson records show he resided in Florida while an employee), and therefore deny the same. Lawson denies the final sentence in Paragraph 6.

6. With respect to Paragraph 7, Defendant admits only that Mary Martha Littlejohn was employed by Lawson and its predecessor, Intentia, from 1998 to November, 2007. Defendant is without sufficient information to admit or deny the second sentence (though admits that her employment records while a Lawson employee showed a New York home address), and therefore denies the same. Defendant denies the third sentence in Paragraph 7.

7. With respect to Paragraph 8, Defendant admits only that Robert Greg Winn was employed by Lawson as a Systems Consultant from June 2004 to August 2008. Defendant acknowledges that Mr. Winn's employment records while he was an employee showed a home address in Georgia, but are presently without sufficient information to admit or deny Mr. Winn's residence, and therefore deny the same. Defendant denies the third sentence contained in Paragraph 8.

8. With respect to Paragraph 9, Defendant admits only that Randall S. Preston was employed by Lawson as a Business Consultant from November of 2005 through October of 2008. Defendant acknowledges that Mr. Preston's employment records while he was an employee showed a home address in Washington, but are presently without

sufficient information to admit or deny Mr. Preston's residence, and therefore deny the same. Defendant denies the third sentence contained in Paragraph 9.

9.  With respect to Paragraph 10, Defendant admits only that Terry Roepke was employed by Lawson between approximately February 2000 and June 2007. Defendant acknowledges that Terry Roepke's employment records while an employee showed a home address in Minnesota, but are presently without sufficient information to admit or deny Terry Roepke's residence, and therefore deny the same. Defendant denies the third sentence contained in Paragraph 10.

10. Paragraph 11 contains legal conclusions, not factual allegations, so it is neither properly admitted nor denied. To the extent it is considered to contain factual allegations, Defendant acknowledges that the named Plaintiffs have filed consent forms which have been filed with the Court, but deny any remaining allegations.

11. Defendant denies the first sentence of Paragraph 12. Defendant is not a hardware company. Defendant admits the second sentence in Paragraph 12. Defendant denies the third sentence in Paragraph 12.

12. Paragraph 13 contains a legal conclusion that is neither properly admitted nor denied. To the extent it is considered to contain factual allegations, it is denied.

13. Defendant denies the allegations contained in Paragraphs 14, 15 and 16.

14. With respect to Paragraph 17, Lawson denies the first sentence as there is no job duty of Software Consultant, and consultants formerly called Application Consultants are now called Business Consultants. With respect to the second sentence, Lawson admits only that Technical Consultants have the primary duties of providing

software development subject matter expertise and training to customers, but deny the remainder of that second sentence. With respect to the third sentence, Lawson admits that Systems Consultants have the primary duties of providing subject matter expertise and training to customers, install software, help maintain and upgrade customers applications and databases, help configure operating systems and interface with networks in implementing products for Lawson's customers. Lawson denies the remainder of that third sentence. With respect to the fourth sentence, Lawson admits that Business Consultants have the primary duties of developing business relationships with customers, designing and analyzing software systems, customer training and customer service in implementing products for Lawson customers.

15. Defendant denies the allegations contained in Paragraph 18.

16. With respect to Paragraph 19, Defendant admits only that Lawson classifies its Business, Systems and Technical Consultants as exempt. Defendant denies the remaining allegations contained in Paragraph 19.

17. Defendant denies the allegations contained in Paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 33(a), (b), (c), (d), (e), (f), and (g), 34, 35, and 36.

18. Paragraph 37 of Plaintiffs' Second Amended Collective and Class Action Complaint merely incorporates paragraphs earlier alleged by reference. Defendant therefore incorporates by references its earlier responses, admissions and denials to Paragraphs 1 through 36 as though fully stated here.

19. Defendant denies the allegations contained in Paragraph 38.

20. Paragraph 39 is a legal conclusion not properly admitted or denied, but to the extent it is construed as a factual allegation, it is denied.

21. Defendant denies the allegations contained in Paragraphs 40, 41 and 42.

22. Paragraph 43 of Plaintiffs' Second Amended Collective and Class Action Complaint merely incorporates paragraphs earlier alleged by reference. Defendant therefore incorporates by references its earlier responses, admissions and denials to Paragraphs 1 through 42 as though fully stated here.

23. Defendant denies the allegations contained in Paragraph 44.

24. Paragraph 45 and 46 are legal conclusions not properly admitted or denied, but to the extent it is construed as alleging facts, it is denied.

25. Defendant denies the allegations contained in Paragraphs 47 and 48.

26. Paragraph 49 of Plaintiffs' Second Amended Collective and Class Action Complaint merely incorporates paragraphs earlier alleged by reference. Defendant therefore incorporates by references its earlier responses, admissions and denials to Paragraphs 1 through 48 as though fully stated here.

27. Paragraph 50 is a legal conclusion not properly admitted or denied, but to the extent it is construed as a factual allegation, it is denied.

28. Defendant denies the allegations contained in Paragraphs 51, 52 and 53.

29. Paragraph 54 of Plaintiffs' Second Amended Collective and Class Action Complaint merely incorporates paragraphs earlier alleged by reference. Defendant therefore incorporates by references its earlier responses, admissions and denials to Paragraphs 1 through 53 as though fully stated here.

30.     Defendant denies the allegations contained in Paragraphs 55, 56 and 57.

## PRAYER FOR RELIEF

In response to the unnumbered "Wherefore" paragraphs commencing on Plaintiffs' Second Amended Collective and Class Action Complaint pages 14-16, including lettered paragraphs A-S, Lawson denies that Plaintiffs, or any other persons, are entitled to any of the relief requested in the "Wherefore" paragraphs, or any other relief.

## JURY TRIAL DEMAND

In response to the unnumbered jury trial demand, on Plaintiffs' Second Amended Collective and Class Action Complaint page 16, Lawson states that whether Plaintiffs' claims entitled them to a trial by jury involves a legal determination that is not subject to admittance or denial.

## DEFENSES AND AFFIRMATIVE DEFENSES

Lawson asserts the following defenses. Lawson reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery.

### First Separate and Affirmative Defense

Plaintiffs' Second Amended Collective and Class Action Complaint, and each purported claim for relief contained therein, fails to state a claim upon which relief may be granted.

## Second Separate and Affirmative Defense

Defendant had no company-wide policy requiring consultants to work more than forty hours a week without compensation.

## Third Separate and Affirmative Defense

Plaintiffs' claims are barred because they, and the members of the putative collective and class actions they purport to represent are white-collar employees who were exempt, based upon their individual job duties and responsibilities, under the administrative exemption, professional exemption, computer professional exemption, executive exemption, highly paid/compensated exemption, combination of exemptions, and/or any other exemption available under federal and/or state law, rule or regulation from the statutory requirements on which such claims are based. They used discretion and independent judgment.

## Fourth Separate and Affirmative Defense

Plaintiffs are not entitled to an award of liquidated damages under applicable law because Defendant's actions with respect to Plaintiffs, including but not limited to its classification of Plaintiffs as exempt, were undertaken in good faith and it had reasonable grounds for believing that its acts or conduct was not a violation of said laws. Defendant expressly disclaims that it is relying upon the advice of counsel in asserting this defense.

## Fifth Separate and Affirmative Defense

Some or all of Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA and/or state law.

### Sixth Separate and Affirmative Defense

Some or all of Plaintiffs' claims are barred, in whole or in part, by the running of applicable statutes or other periods of limitations, including but not limited to 29 U.S.C. § 255 and Minn.Stat. § 541.07(5).

### Seventh Separate and Affirmative Defense

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they are not "similarly situated" to those they purport to represent.

### Eighth Separate and Affirmative Defense

Plaintiffs are not entitled to class certification because they fail to meet the prerequisites for class certification and the requirements set for by Rule 23 of the Federal Rules of Civil Procedure, and they therefore cannot represent the interest of others.

### Ninth Separate and Affirmative Defense

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they failed to define the potential opt-ins to the collective action clearly and objectively.

### Tenth Separate and Separate and Affirmative Defense

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action, as defined in the Complaint, is overly broad and patently unmanageable.

### Eleventh Separate and Affirmative Defense

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they cannot adequately represent the interests of the potential opt-ins to the alleged collective action.

### Twelfth Separate and Affirmative Defense

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they have not identified, and cannot identify, a group of "similarly situated" employees.

### Thirteenth Separate and Affirmative Defense

Some or all of the purported claims in the Complaint are barred as to such claims asserted on behalf of "similarly situated" individuals, if any, who do not give their consent in writing to become party plaintiffs and/or whose express written consent is not filed with the Court.

### Fourteenth Separate and Affirmative Defense

The types of claims alleged by Plaintiffs on behalf of themselves and the alleged class, the existence of which is expressly denied, and the unique defenses thereto, are matters in which individual questions predominate and therefore are not appropriate for class treatment.

### Fifteenth Separate and Affirmative Defense

Any group of employees that Plaintiffs purport to represent is not so numerous that joinder is impracticable.

### Sixteenth Separate and Affirmative Defense

The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged class that Plaintiffs purport to represent, the existence of which is expressly denied.

### Seventeenth Separate and Affirmative Defense

Certain of the interests of the proposed class of Plaintiffs are in conflict with the interest of all or certain sub-groups of the members of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

### Eighteenth Separate and Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring certain claims or seek certain relief on behalf of themselves or others.

### Nineteenth Separate and Affirmative Defense

Common questions of law and fact do not exist, and thus class certification is not appropriate.

### Twentieth Separate and Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release.

### Twenty-First Separate and Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust internal and/or administrative remedies.

### Twenty-Second Separate and Affirmative Defense

Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### Twenty-Third Separate and Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by the FLSA.

### Twenty-Fourth Separate and Affirmative Defense

The damages, if any, of Plaintiffs are barred or diminished by reason of their failure to mitigate those damages.

### Twenty-Fifth Separate and Affirmative Defense

The Second Amended Complaint, and each of the alleged claim for relief contained therein, are barred in whole or in part by Plaintiffs' agreement and consent to the compensation system that is the subject of the Complaint.

### Twenty-Sixth Separate and Affirmative Defense

The Second Amended Complaint, and each of the purported claims for relief contained therein, is barred by the doctrine of laches.

### Twenty-Seventh Separate and Affirmative Defense

Plaintiffs' claims for unjust enrichment, injunctive relief and other equitable relief are barred because plaintiffs have an adequate and complete remedy at law.

### Twenty-Eighth Separate and Affirmative Defense

The Second Amended Complaint, and each purported claim for relief contained therein, is barred by the doctrine of unclean hands.

### Twenty-Ninth Separate and Affirmative Defense

Even if Lawson were found liable for overtime pay, which Lawson expressly denies, Plaintiffs and the alleged class and collective action members would be entitled to no more than one half their regular rate of pay for any overtime hours worked.

### Thirtieth Separate and Affirmative Defense

Any acts or omissions by Defendant that may be found in violation of the rights afforded by the FLSA including but not limited to Defendant's classification of Plaintiff's as exempt were not willful as defined by law.

### Thirty-First Separate and Affirmative Defense

Because liability and/or damages, if any, to each member of the group that Plaintiffs purport to represent, the existence of which is expressly denied, may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a collective action could violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

### Thirty-Second Separate and Affirmative Defense

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable pursuant to the *de minimis* doctrine.

### Thirty-Third Separate and Affirmative Defense

The claims of Plaintiffs and/or members of the group they purport to represent, the existence of which is expressly denied, are barred by the provision of the Portal-To-Portal Act, 29 U.S.C. § 254, as to all hours during with the Plaintiffs and/or members of the alleged class or group of persons that purport to represent were engaged in activities that were preliminary or postliminary to their principal activities.

### Thirty-Fourth Separate and Affirmative Defense

The Complaint is barred to the extent that Plaintiffs, or members of the putative group of persons they purport to represent, have released Defendant from any claims they have against it.

### Thirty-Fifth Separate and Affirmative Defense

If Plaintiffs have sustained any damages or if any putative member of any purported class or sub class have sustained any damages, although such is not admitted hereby and is specifically denied, Defendant is entitled under the equitable doctrines of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members or to Defendant against any judgment that may be entered against Defendant.

### Thirty-Sixth Separate and Affirmative Defense

Plaintiffs' counsel lacks the skill, experience and expertise to adequately represent the purported class, the existence of which is denied.

### Thirty-Seventh Separate and Affirmative Defense

Plaintiffs' claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable state laws.

### Thirty-Eighth Separate and Affirmative Defense

The liquidated damages, punitive damages, penalties and/or attorneys' fees awards are not available for certain of the claims asserted.

### Thirty-Ninth Separate and Affirmative Defense

Plaintiffs' attempt to pursue punitive damages and/or penalties violates Lawson's state and federal constitutional due process and equal protection rights.

### Fortieth Separate and Affirmative Defense

Plaintiffs' claims for any record keeping penalties should be denied because there is an honest dispute as to whether any wages are due or records were required to be kept. Defendant expressly disclaims that it is relying upon the advice of counsel in asserting this defense.

### Forty-First Separate and Affirmative Defense

As a separate alternative affirmative defense to Plaintiffs' Second Amended Collective and Class Action Complaint, Lawson alleges that the claims contained therein may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more of said defenses, not specifically set out above, cannot be determined until Lawson has had an opportunity to complete discovery. Therefore, Lawson incorporates all said affirmative defenses as it fully set forth herein.

**WHEREFORE,** Lawson prays as follows:

1. Plaintiffs' Second Amended Collective and Class Action Complaint in its entirety be dismissed with prejudice;
2. Plaintiffs pay Lawson's reasonable costs and expenses, including attorneys' fees; and
3. For whatever additional relief this Court deems just and proper.

Dated: July 20, 2009.                FELHABER, LARSON, FENLON & VOGT, P.A.

                                     By:     s/Brian T. Benkstein
                                           Sara Gullickson McGrane, #233213
                                           Brian T. Benkstein, #325545
                                            220 South Sixth Street, Suite 2200
                                           Minneapolis, MN 55402
                                           (612)339-6321
                                           (612)338-0535 (facsimile)

                                     ATTORNEYS FOR DEFENDANTS
                                     LAWSON SOFTWARE, INC. AND
                                     LAWSON SOFTWARE AMERICAS, INC.